**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS MIGUEL NOVAIS DELGADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-07027-JLT-EPG<br><br>A-Number: 241-489-421<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Carlos Miguel Novais Delgado's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii) as an alien placed into expedited removal after establishing a credible fear of persecution. (*See generally,* Doc. 9.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from Cuba. He entered the United States without inspection in September

2023 at or near Brownsville, Texas. (Doc. 9-1 at 1; Doc. 9-3 at 1.) Petitioner was paroled into the United States in November 2023. (Doc. 1 at 5.)

Petitioner has an extensive history of prior encounters with law enforcement[1]: Arrested on March 11, 2024 for Dealing in Marijuana (Ind. Code § 35-48-4-10; disposition: Dismissed), Possession of Marijuana (Ind. Code § 35-48-4-11; disposition: Dismissed), Possession of a Controlled Substance (Ind. Code § 35-48-47(a); disposition: Guilty), Possession of Paraphernalia (Ind. Code § 35-48-4-8.3; disposition: Dismissed); arrested on February 2, 2025 for various traffic offenses: Speeding (KRS § 189.390), Reckless Driving (KRS § 189.290), Operating Motor Vehicle Under Influence of Alcohol/Drugs (KRS § 189A.010 (1E), No Registration Plates (KRS § 186.170); arrested on April 9, 2026 for Driving Under the Influence (NMSA 1978, § 66-8-102(C)). (*See* Doc. 9-2, FBI "RAP" Sheet.)

On April 22, 2026, Petitioner was served with a Notice to Appear charging him pursuant to §§ § 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 9-3.) Petitioner came to the attention of immigration authorities on July 19, 2026 following his arrest for Assault Causes Bodily Injury Family Member and Interfere with Emergency Request for Assistance (Tex. Penal Code Ann. §§ 22.01(a)(1) and 42.062; disposition: Held) *Id.*; *See* Doc. 9-2, FBI "RAP" Sheet. On August 7, 2026, Petitioner was transported to ICE authorities for processing. (Doc. 9-1 at 2.) Petitioner has a pending asylum claim. (Doc. 9-1 at 3.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 2.)

On September 2, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (*See* Doc. 1 at

---

[1] The Court is aware that the record reflects multiple criminal convictions which arguably implicate mandatory detention under § 1226(c)(1)(A). *See* 8 U.S.C. § 1226(c)(1)(A) (mandating detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title"); 8 U.S.C. § 1182(a)(2)(C)(i) ("Any alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance . . . is inadmissible"); 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) is inadmissible."). As Respondents have not asserted § 1226(c)(1)(A) as the detention authority in this case, the Court finds that the proper forum to resolve whether § 1226(c) applies is a *Matter of Joseph,* 22 I. & N. Dec. 799 (BIA 1999) hearing where a contemporaneous record is created.

16.) Petitioner requests immediate release or, in the alternative, for the Court to order Respondents to provide him with a bond hearing. (*Id*. at 17.) Respondents filed an opposition on September 10, 2026, in which they argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1), notwithstanding the fact that Petitioner's removal proceedings pursuant to 8 U.S.C. § 1229a remain pending and he has not been placed in expedited removal. (*See* Doc. 9.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (*See* Doc. 1 at 16.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Respondents' argue that despite being paroled into the United States in 2023, Petitioner was never admitted into the United States and thus is an "applicant for admission" under § 1225(a)(1) and is therefore subject to mandatory detention under 8 USC § 1225(b)(1)(B)(ii). (Doc. 9 at 3.) This Court has rejected such an argument on numerous occasions. *See Maklad v. Murray*, No. 1:25-CV-00946 JLT SAB, 2025 WL 2299376 (E.D. Cal. Aug. 8, 2025); *Castellon*

*v. Kaiser*, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425 (E.D. Cal. Aug. 14, 2025); *Garcia v. Andrews*, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025). Furthermore, Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a) governs Petitioner's detention. Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (Doc. 9 at 5-8.)

However, that is not the end of the inquiry. Although Petitioner contends that no charges were ever filed because of the domestic violence incident on July 19, this Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounters with law enforcement. "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.") Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order, (Doc. 4), is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 15, 2026

[signature: Jennifer L. Thurston]
UNITED STATES DISTRICT JUDGE